# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
# CENTRAL DIVISION

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> KIMBERLY BOWEN, TONY KETTERLING, and CANYONS MANAGEMENT GROUP II, <br><br> Defendants. | **MEMORANDUM DECISION and ORDER** <br><br> Case No. 2:09-cv-00810-TC <br><br> Judge Tena Campbell |

Defendants obtained professional errors and omissions insurance (the Insurance Policy) from Plaintiff Continental Casualty Company (Continental). Continental seeks a declaratory judgment that the Insurance Policy does not cover the claims brought against Defendants in four separate but related actions pending in other courts. Defendants Tony Ketterling and Canyons Management Group II have moved to stay this action until the underlying actions have been resolved. Because adjudicating the declaratory judgment will clarify the legal relationship between the parties, relieve uncertainty, and resolve issues not directly before any other court, the court DENIES the motion to stay the declaratory judgment action.

BACKGROUND

Continental is currently defending Defendants in three suits, one in federal court in California, two in Utah state court. Another related suit was recently dismissed from Utah state court for failure to prosecute. All of the suits are related to Defendant Kimberly Bowen's involvement with the Fox Hollow subdivision in Saratoga Springs. Ms. Bowen is accused of fraudulently concealing the fact that Fox Hollow had not obtained necessary water permits and

failing to disclose her ownership interest in the Fox Hollow lots when she acted as the real estate agent selling the lots to investors.

ANALYSIS

Federal courts can issue declaratory judgment on the scope of insurance coverage, even if the federal declaratory judgment action concerns some of the same factual questions as the state court action about which coverage is disputed. State Farm Fire & Casualty Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994). In State Farm Fire & Casualty Co. v. Mhoon, 31 F.3d 979, 982 (10th Cir. 1994), the district court issued a declaratory judgment that the defendant's homeowners policy did not cover defense of a state court action because the defendant acted intentionally when he shot his neighbor. The Tenth Circuit affirmed the district court even though the intent of the insured was a factor in the underlying case and had not yet been determined by the state court at the time the federal declaratory judgment issued. Id. at 983. The court reasoned that a suit determining the scope of coverage "would have been required at some point in some case other than the state tort action." Id. at 984. Similarly here, even if the courts adjudicating the actions brought against Defendants resolve the claims at issue in those actions, the resolution would not necessarily determine whether Continental was required to defend Defendants in those actions.

By contrast, in Runyon, the federal district court stayed proceedings in a declaratory judgment action by an insurance company against an insured because of a pending state court breach-of-contract-action brought by the insured against the insurance company. Runyon, 53 F.3d at 1170. But in that case the scope of the insurance company's duty to defend the insured in a different lawsuit was the central issue to both the state court breach-of-contract action and the federal court declaratory judgment action. Id. at 1168. Here, the state court action is not for

breach of contract against the insurance company, but rather is a lawsuit brought by a third-party against Defendants.

Whether to exercise jurisdiction under the Declaratory Judgment Act is within the sound discretion of the district court. St. Paul Fire & Marine Ins. Co. v. Runyon, 53 F.3d 1167, 1168 (10th Cir. 1995). To determine whether to hear a declaratory judgment action, the court considers five factors:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3]. whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to res judicata; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

State Farm Fire & Casualty Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994). The five Mhoon factors weigh in favor of the court hearing this declaratory judgment action. A declaratory judgment would settle the controversy of whether Continental is required to continue defending Defendants in other pending cases and thereby clarify the relationship between the parties. Plaintiffs are not using the declaratory judgment remedy merely for the purpose of procedural fencing – in fact declaratory judgment actions to determine the scope of insurance coverage are precisely the type of actions for which declaratory judgement is intended to solve. See Mt. Airy Ins. Co. v. Greenbaum, 127 F.3d 15, 17 n.1 (1st Cir. 1997) ("An insurance company's claim that it has no duty to defend in another action is the archetypal case for which a declaratory judgment is appropriate."). Further, there is no assurance that the judgment in this action will be outcome determinative for the other actions (or vice-versa). See First Specialty Ins. Corp. v. GRS Mgm't Assoc., No. 08-81356, 2009 WL 2169869 at * 2 (exercising jurisdiction because there was "no guarantee that the underlying state proceeding [would] resolve" the question of coverage).

Finally, a declaratory judgment action is the most effective remedy to determine insurance coverage.

Therefore, the court DENIES Defendants' motion to stay.

DATED this 21st day of September, 2010.

BY THE COURT:

/s/ Tena Campbell
_____
TENA CAMPBELL
Chief Judge